UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO BETTS,

    Petitioner,

v.

Case No. 1:10-cv-536
Hon. Robert J. Jonker

KENNETH MCKEE,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, Deangelo Betts, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

On March 24, 1998, petitioner entered a guilty plea in the Berrien County Circuit Court to assault with intent to rob while armed, M.C.L. § 750.89. Plea Trans. (docket no. 16). This plea arose from the following events. Petitioner was arraigned on January 20, 1998 on armed robbery and felony firearm charges before Judge Wiley. *See* Opinion and Order at p. 2 (June 13, 2008) (docket no. 22). On February 16, 1998, pursuant to a stipulation of the prosecutor and defense counsel, Judge Wiley found that petitioner was incompetent to stand trial but that there was a substantial possibility that petitioner would attain competence to stand trial if he was provided a course of treatment. *Id.* Judge Wiley ordered petitioner to undergo treatment to render him competent to stand trial and committed petitioner to the Center for Forensic Psychiatry of the State Department of Mental Health (Center for Forensic Psychiatry). *Id.* Judge Wiley and two other

judges subsequently disqualified themselves from hearing the case, and a visiting judge was assigned to preside over the preliminary examination and plea. *Id.*

On March 24, 1998, Judge Deats (the visiting judge) conducted a forensic evaluation hearing, and based on a report from the Center for Forensic Psychiatry dated March 10, 1998, determined that petitioner was competent to stand trial. *Id.* On that same date, petitioner's defense counsel, Mr. Jesse, indicated that petitioner would offer to plead guilty to the lesser included offense of assault with intent to rob while armed. *Id.* Judge Deats found probable cause to believe that petitioner had committed the charged offenses and bound him over to the Circuit Court. *Id.* at pp. 2-3. The court took a short recess waiting for "paperwork" to be prepared. *Id.* at p. 3.

After the recess, petitioner pled guilty to assault with intent to commit robbery while armed. Forensic Hear., Prel. Exam. and Plea Trans. at p. 28 (docket no. 15). In exchange for the plea, the prosecutor agreed to dismiss the original charges of armed robbery and felony-firearm and not to press supplemental charges against petitioner as an habitual offender. *Id.* at p. 29. At that time, petitioner admitted that on January 29, 1998, he walked into a church, "stuck the gun" at the woman working at the church, robbed her ("took the things off her person") and ran out the door. *Id.* at p. 30. Judge Deats accepted petitioner's guilty plea after finding the plea to be both voluntary and accurate. *Id.* at pp. 30-33.

Judge Daniel Deja sentenced petitioner on April 20, 1998. Sent. Trans. (docket no. 17). Neither the prosecutor nor defense counsel requested additions or corrections to petitioner's Presentence Investigation Report and Sentencing Information Report, and both agreed that the sentencing guidelines recommended incarceration for a minimum of 48 to 240 months. Sent. Trans. at pp. 3-4. Petitioner's counsel, however, requested that petitioner undergo psychological

2

counseling and be allowed to continue his medication. *Id.* at p. 4. Petitioner was sentenced to imprisonment for 20 to 80 years, with credit for 92 days served, and a court recommendation that, during his confinement, petitioner receive mental health counseling or other treatment consistent with the forensic examination findings. *Id.* at pp. 13-14.

On April 19, 1999, petitioner filed a delayed application for leave to appeal his sentence, raising the following issue:

I. A sentence of [twenty] to eighty years is disproportionate to this offender to this offense.

*People v. Betts*, No. 218842 (Mich. App.) (Application) (docket no. 18). The Michigan Court of Appeals denied the delayed application for lack of merit in the grounds presented. *Id.* (Order) (June 10, 1999). Petitioner did not appeal this order to the Michigan Supreme Court. *See* Aff. of Corbin Davis (docket no. 20).

Petitioner took no further action contesting his conviction and sentence for over 4 1/2 years. Then, on November 26, 2003, petitioner filed a motion for relief from judgment in the Berrien County Circuit Court. *See* Berrien County Justice System Case Event Report (docket no. 14). On December 16, 2005, Circuit Court Judge Dennis Wiley denied petitioner's motion for relief from judgment. *See* Opinion and Order (Dec. 16, 2005) (docket no. 19). In this order, Judge Wiley characterized petitioner's claims as follows:

I. Trial counsel was ineffective because he did not pursue an insanity defense.

II. Petitioner was "incompetent during his plea bargaining."

*Id.* at p. 2. The trial court denied these claims on procedural grounds pursuant to MCR 6.508(D), stating that petitioner did not show good cause for failing to raise these claims on appeal, MCR

3

6.508(D)(3)(a), and that petitioner did not show that he was actually prejudiced by the alleged errors, MCR 6.508(D)(3)(b). *Id.*

On March 20, 2006, petitioner filed an application for leave to appeal this order, raising two issues:

I. Was [petitioner] denied his constitutional right to have an impartial judge determine his motion for relief from judgment when Judge Wiley had previously disqualified himself from this case, and then re-entered the case to deny [petitioner's] motion for relief from judgment, after a previous order from the Circuit Court requiring the People to respond and granting [petitioner's] motion for appointment of counsel.

II. Was [petitioner's] plea of guilty tendered knowingly and voluntarily when [petitioner] was mentally incompetent and counsel failed to have [petitioner's] mental competency determined during the time of the plea proceedings constituting ineffective assistance of trial counsel requiring reversal?

*People v. Betts*, No. 269133 (Mich. App.) (Application) (docket no. 19).

In lieu of granting the delayed application for leave to appeal, the Michigan Court of Appeals vacated the order denying petitioner's motion for relief from judgment and remanded for further proceedings. *Id.* (Order) (Oct. 11, 2006). The Michigan Court of Appeals directed that the matter be re-assigned to a different judge, that the trial court appoint counsel for petitioner, and that the prosecutor file an answer to the motion. *Id.*

The case was assigned to Judge LaSata, who issued an opinion and order denying petitioner's motion for relief from judgment. *See* Opinion and Order (June 13, 2008) (docket no. 22). In reviewing petitioner's motion for relief from judgment, Judge LaSata characterized the motion as including three issues:

I. Trial counsel was ineffective for failing to inquire into petitioner's mental state during the commission of the charged crime, as

4

> distinguished from petitioner's mental state or competency at the time of the plea. Petitioner contends that he was insane at the time of the charged crime and, had trial counsel adequately investigated the matter, petitioner would have been found not guilty by reason of insanity.
>
> II. Newly-discovered evidence, i.e., forensic examination reports prepared in connection with later criminal charges brought against petitioner, supports entry of a plea of not guilty by reason of insanity.
>
> III. Despite being found incompetent to stand trial by a psychiatrist, petitioner was subsequently found competent to stand trial by a social worker. The social worker does not have the qualifications to deem a person competent to stand trial.

Order and Opinion at p. 5 (June 13, 2008).

The trial judge did not address the merits of petitioner's claims, finding that they were barred by MCR 6.508(D)(3) because petitioner could have raised these issues on appeal. *Id.* at pp. 6-13. The judge found that petitioner had failed to establish cause , MCR 6.508(D)(3) and that, even if he had established good cause, petitioner did not establish actual prejudice, MCR 6.508(D)(3)(b).[1] *Id.* Accordingly, the trial judge denied petitioner's motion for relief from judgment. *Id.* at p. 13.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising one issue:

> I. Whether the trial court erred by denying the motion for relief from judgment based on ineffective assistance of counsel?

---

[1] MCR 6.508(D)(3) provides in pertinent part that:

"The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion . . . (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates (a) good cause for failure to raise such grounds on appeal or in the prior motion, and (b) actual prejudice from the alleged irregularities that support the claim for relief[.]"

5

*People v. Betts*, No. 289349 (Mich. App.) (Application) (docket no. 22). The Michigan Court of appeals denied the application because petitioner failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). *Id.* (Order) (Jan. 13, 2009).

Petitioner raised the same issue in his application for leave to appeal to the Michigan Supreme Court, which that court also denied because petitioner failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). *People v. Betts*, No. 138344 (Mich.) (Order) (Aug. 6, 2009) (docket no. 22).

Betts filed his present petition for habeas relief on June 4, 2010 (nearly 12 years after his guilty plea). *See* Petition (docket no. 1). The petition raised one issue:

> I. Petitioner's competency to stand trial was prematurely decided when the court depended upon a report generated by an individual who was not qualified to adjudge competence without an objection from defense counsel who rendered constitutionally ineffective assistance.

*Id.* at p. 4.

At the time Betts filed his petition, he was well aware that the petition was untimely under the one-year time limitation as set forth in 28 U.S.C. § 2244(d)(1), and filed a "Motion for equitable tolling to allow petitioner's *pro se* petition for writ of habeas corpus to proceed timely." *See* Motion for equitable tolling (docket no. 3). After directing respondent to file an answer, the Court denied petitioner's motion without prejudice, and required respondent's answer "to specifically address the question whether Petitioner is entitled to equitable tolling of the statute of limitations." Order (docket no. 8). Respondent filed both an answer to the petition and a supplemental answer as directed by the court.

6

## II. Statute of limitations and Equitable tolling

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA), and provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Here, petitioner was sentenced on April 20, 1998. Petitioner appealed his conviction to the Michigan Court of Appeals but did not pursue his direct appeal to the

7

Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added).

Here, Betts concedes that his habeas petition is untimely. *See* Petitioner's Brief at p. 4 (docket no. 4). The Michigan Court of Appeals denied petitioner's delayed application for leave to appeal on June 10, 1999. *See Betts*, No. 218842 (Order) (June 10, 1999) (docket no. 18). Petitioner had 56 days after the entry of this order, or until August 5, 1999, to file an application for leave to appeal to the Michigan Supreme Court. *See* MCR 7.302(C)(2); *Clark v. Romanowski*, 472 Fed.Appx. 348, 351 (6th Cir. 2012) ("Under Michigan law, an application for leave to appeal to the Michigan Supreme Court in a criminal case must be filed within 56 days after the Court of Appeals decision"); *Ross v. McKee*, 465 Fed. Appx. 469, 472-73 (6th Cir. 2012) ("Michigan Court Rule 7.302(C)(2)(b) requires that an 'application [for leave to appeal] . . . be filed . . . within . . . 56 days in criminal cases . . . after the filing of the opinion appealed from.' M.C.R. 7.302(C)(2)(b)."). Petitioner, however, never filed an application for leave to appeal to the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis (docket no. 20). Because petitioner failed to file a timely appeal in the Michigan Supreme Court, his conviction became final when his time for seeking review in that court expired. *See Gonzalez v. Thaler*, – U.S. – , 132 S. Ct. 641, 653-54 (2012) (holding that, where the petitioner failed to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking review in that court expires). Without the benefit of tolling, petitioner had one year from August 5, 1999, or until August 5, 2000,

8

to file his habeas petition. Accordingly, his habeas petition filed on June 4, 2010, was filed nearly 10 years too late.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because petitioner's one-year period expired in 2000, his motion for relief from judgment filed in 2003 cannot serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, – U.S. – , 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen*, 366 F.3d at 401. The Sixth Circuit has cautioned that equitable tolling should be applied "sparingly." *See Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (internal quotation marks omitted). *See also*, *Hall*, 662 F.3d at 749-50 (same).

9

Petitioner seeks equitable tolling of the statute of limitations in this case. He claims that he had a substantial mental disorder and that he was incarcerated at the Michigan Department of Corrections (MDOC) I-Max facility when he "should otherwise have been diligently pursuing his petition for writ of habeas corpus in the federal court." Petitioner's Brief at pp. 4-5 (docket no. 5). Petitioner relies on an April 8, 2002[2] summary report from the Center for Forensic Psychiatry, which reflects that he was placed in four-point restraints in December 2000 and that on April 8, 2002, petitioner was found not guilty by reason of insanity of assaulting MDOC officers by an Ionia County jury. *Id.* In short, petitioner contends that he was mentally incompetent to file a habeas petition or motion for relief from judgment until he recovered, on or about November 26, 2003. *Id.*

The Sixth Circuit has held that mental incompetence can be an extraordinary circumstance within the meaning of *Holland*, 130 S. Ct. at 2560. *See Ata v. Scutt*, 662 F. 3d 736, 741-42 (6th Cir. 2011). In order for mental incompetence to toll the statute of limitations, a petitioner must demonstrate that (1) he is mentally incompetent, and (2) his incompetence caused his failure to comply with the AEDPA statute of limitations. *Id.* In this regard, "a causal link between the mental condition and untimely filing is required." *Id.* at 742. Here, petitioner has failed show that some extraordinary circumstance stood in his way of pursuing his claims during the relevant time frame of August 5, 1999 through August 5, 2000. Assuming that petitioner suffered from mental illness sometime in December 2000, he has not shown a causal link between this illness and his failure to file a timely habeas petition (or motion for relief from judgment) during the relevant time frame.

---

[2] The Court notes that the report was actually dated March 29, 2002, and bears a "received" stamp of April 8, 2002. *See* discussion, *infra*.

Respondent submitted a copy of a forensic psychological report prepared by examining psychologist Dr. Steven A. Harris on January 16, 2002. *See* Forensic Psychological Examination (Jan. 16, 2002) (docket no. 12-4). This report found that on December 2, 2000, when petitioner attacked (i.e., lunged, bit and stabbed) corrections officers, he met the statutory requirement for "legal insanity" with a diagnosis of Bipolar I Disorder. *Id.* While this report addressed petitioner's condition at the time he attacked the corrections officers on December 2, 2000, it did not address his mental condition during August 1999 through August 2000, the relevant time period for his equitable tolling claim.

The March 29, 2002 report from the Center for Forensic Psychiatry, upon which petitioner relies, also fails to establish the necessary causal link between his mental illness and his failure to pursue a habeas action prior to August 5, 2000. *See* Forensic Report (March 29, 2002) (docket no. 12-5). The March 29, 2002 report refers to a finding that petitioner was not guilty by reason of insanity on February 7, 2002, observing that at that time, petitioner met the criteria for being a mentally ill person requiring treatment and hospitalization as defined in M.C.L. § 330.1401. *Id.* While this report would establish that petitioner was mentally ill at that time, it does not address petitioner's condition during the relevant time period.

In addition, petitioner's medical records between August 5, 1999 and August 5, 2000 reflect that he was not incapacitated by mental illness. On the contrary, some of the records conclude that petitioner did not suffer from mental illness during that time period. An MDOC psychological screening from December 9, 1999, found no pathological findings. *See* Psychological Screening (docket no. 26-1 at p. 1). Specifically, the examining psychologist stated that none of the pathological findings related to the psychological screening were present (i.e.,

disorientation/cognitive dysfunction, mood disturbance, affect inappropriate, suicidal ideation/behavior, hostility/aggression, sleep/appetite disturbance, psychomotor disturbance, obsessions/compulsions, delusions/hallucinations, thought disorder, impaired intellectual functioning, or speech disturbance). Other medical records from the relevant time period do not reflect that petitioner suffered from a mental illness. *Id.* (docket no. 26-1 at pp. 2-11). The record does not support a finding that petitioner was mentally incompetent, let alone that a causal link existed between his mental condition and his failure to comply with the AEDPA's statute of limitations. *See Holland*, 130 S. Ct. at 2560; *Ata*, 662 F. 3d at 741-42 (6th Cir. 2011). Based on this record, which presents no evidence of mental incompetence during the time period relevant to petitioner's equitable tolling claim, and in light of petitioner's significant delay in seeking post-conviction relief, I cannot find that petitioner diligently pursued his claims or that some extraordinary circumstance stood in his way.

The Supreme Court has directed the district courts to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day v. McDonough,* 547 U.S. 198, 210 (2006). The Court gave petitioner fair notice and an adequate opportunity to be heard on the statute of limitations issue, both in the order to answer (which advised petitioner of his right to file a reply) and in the order in the order denying petitioner's motion for equitable tolling, in which the court advised respondent to specifically address the question of whether petitioner is entitled to equitable tolling of the state of limitations. This Report and Recommendation is further notice that the Court may dismiss petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this Report and Recommendation constitutes an additional opportunity for petitioner to be heard by the District Judge.

### III. Recommendation

I respectfully recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.

Dated: August 9, 2013                             /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).